IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE DAVIS,

                Plaintiff,                OPINION AND ORDER

    v.

                                                   18-cv-77-wmc

SGT. JAKUSZ and
TIM ZIEGLER,

                Defendants.

---

On July 27, 2020, the court granted *pro se* plaintiff Willie Davis leave to proceed in this lawsuit pursuant to 42 U.S.C. § 1983. In particular, the court allowed Davis to proceed against defendants Tim Ziegler and Jakusz on First Amendment retaliation claims for their involvement in confiscating Davis's corrective tape and then improperly punishing him for possessing contraband. (Dkt. #9, at 5-6.) However, the court dismissed proposed defendant Warden Meisner for lack of personal involvement, and denied Davis leave to proceed on a Fourteenth Amendment due process claim (*id.* at 4, 7-9), which Davis now challenges in a motion for reconsideration (dkt. #13). Since Davis has not pointed to any error of law or fact in the court's order, the court is denying that motion.

*First*, plaintiff challenges the dismissal of Meisner as a defendant, pointing to his allegations that, prior to the conduct report hearing, he complained directly to Meisner about the conduct report, reporting in particular that Ziegler informed him that he was guilty and requesting that Ziegler not preside over the hearing. Yet the court considered these allegations in its opinion, but denied plaintiff leave to proceed because those allegations did not suggest that Meisner was personally involved in the conduct report

proceeding itself, nor did the allegations suggest Meisner had reason to believe that Ziegler would not follow the policy prohibiting the someone "substantially involved" in the underlying incident from serving as the hearing officer, or that Ziegler *actually* presided over the conduct report hearing. (*Id.* at 3.) Davis has not pointed to any allegations in his complaint suggesting the opposite, or even that Meisner subsequently learned that Ziegler's actually presided over the hearing and failed to take corrective action. As such, the court sees no error in dismissing Meisner for lack of personal involvement. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation.").

*Second*, plaintiff challenges the dismissal of his Fourteenth Amendment due process claim, arguing that the court ignored his allegation that Ziegler presided over his conduct report hearing despite the fact that Ziegler was involved in the events related to his conduct report charges. Yet the court acknowledged that Ziegler may not have been a neutral hearing officer, but nonetheless concluded that plaintiff's allegations did not support a due process claim because he had adequate post-deprivation remedies beyond the conduct report hearing. Notably, the court observed not only that plaintiff successfully challenged the results of the hearing and was later found not guilty, but also that Wisconsin law provided multiple mechanisms through which he could have challenged the confiscation of his property. Davis does not acknowledge these observations or suggest that he did not, in fact, have access to these other methods of challenging the confiscation. Accordingly, the court sees no basis to reconsider its decision to deny plaintiff leave to proceed on a Fourteenth Amendment due process claim or otherwise modify the leave to proceed order.

2

ORDER

IT IS ORDERED that plaintiff Willie Davis's motion for reconsideration (dkt. #13) is DENIED.

Entered this 1st day of March, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge